[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-10938

Non-Argument Calendar

————————————

SHEILA DIANE ISBELL,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01379-SGC

————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Sheila Isbell appeals from the district court's order affirming the Social Security Commissioner's denial of her application for a period of disability and disability insurance benefits.  She argues that the ALJ failed to (1) properly consider her Department of Veterans Affairs disability rating and (2) properly determine her date of disability.

## I

In Social Security appeals, we ask whether the Commissioner's decision is supported by substantial evidence.  *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  We review *de novo* the legal principles upon which the Commissioner bases the decision.  *See id.*  Because the Appeals Council declined to review the ALJ's decision, we review it as the Commissioner's final decision.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

A decision by another government agency that a claimant is disabled or entitled to benefits is not binding on the SSA and is neither valuable nor persuasive.  *See* 20 C.F.R. §§ 404.1504, 404.1520b(c)(1), 416.920b(c)(1).  Therefore, when considering claims filed on or after March 27, 2017, the SSA will not provide any analysis in its decisions about a determination made by another agency. *See* 20 C.F.R. § 404.1504.  The SSA, however, will consider all supporting evidence underlying the other agency's decision. *See id.*

## II

We first address whether the ALJ failed to properly consider Ms. Isbell's VA disability rating. Ms. Isbell filed her application for disability on August 28, 2017, after the March 27, 2017, effective date of the SSA's new regulations concerning the weight afforded other agencies' disability determinations. *See* 20 C.F.R. § 404.1504. The ALJ was therefore not required to (and did not) give weight to the VA's disability determination in ruling on Ms. Isbell's application. And because prior versions of § 404.1504 are irrelevant to Ms. Isbell's claims, so too are our decisions interpreting that provision. *See, e.g., Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317 (11th Cir. 2020) (discussing § 404.1504 (2016)). Additionally, to the extent that Ms. Isbell argues that the ALJ failed to consider the evidence underlying the VA's disability determination, she waived any such argument by raising it for the first time in her reply brief. *See Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Nevertheless, our review shows that the ALJ did consider the underlying evidence, including the VA's medical records.

We next consider whether the ALJ erred by failing to seek medical advice concerning the onset date of Ms. Isbell's disability under SSR 83-20. In relevant part, SSR 83-20 states that: "In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability." SSR 83-

20, 1983-1991 Soc. Sec. Rep. Serv. 49 (Jan. 1, 1983).  The onset date of disability is "the first day an individual is disabled."  *Id.*[1]

Accordingly, the ALJ must necessarily determine whether an applicant is disabled before determining the onset date of disability.  Here, the ALJ found that Ms. Isbell was not disabled and therefore was not required to determine the onset date of disability.  Accordingly, because she cannot show that the ALJ erred, there was no error by the Commissioner.  *See Doughty*, 245 F.3d at 1278.[2]

## III

The Commissioner did not err in denying Ms. Isbell's application for a period disability and disability insurance benefits.  The district court's decision is affirmed.

**AFFIRMED.**

---

[1] "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'"  *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (citation omitted).

[2] As of October 2, 2018, SSR 18-01p replaced SSR 83-20.  *See* Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims, 83 Fed. Reg. 49613 (Oct. 2., 2018) (rescinding and replacing SSR 83-20).  Under SSR 18-01p, which came into effect while Ms. Isbell's application was pending, the ALJ generally has discretion to determine whether to consult a medical expert to determine the EOD.  *See id.*  Assuming that SSR 18-01p governed her application, the ALJ was no longer required to consult a medical expert concerning her EOD.  *Compare* SSR 83-20, *with* SSR 81-01p.